CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
4/8/2020

JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 5:18-cr-00005 |
| | ) | |
| | ) | |
| LISA VAZQUEZ-AHUMADA, | ) | By: Elizabeth K. Dillon |
| | ) |     United States District Judge |
|     Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The defendant, Lisa Vazquez-Ahumada, was sentenced by the court on February 14, 2019, to a term of forty-four months imprisonment followed by a three-year term of supervised release. Before the court is Vazquez-Ahumada's motion for a recommendation regarding residential reentry and/or home confinement. (Dkt. No. 432.) According to her motion, Vazquez-Ahumada's expected release date, with good time credit, is June 15, 2021. She requests a six-month placement in a halfway house followed by six months of home confinement.

In June of 2019, the court addressed a similar motion filed by Vazquez-Ahumada—a motion requesting an order for home confinement and a judicial recommendation regarding residential reentry placement. (Dkt. No. 408.) The court denied the request for home confinement because sentence modification was not justified under 18 U.S.C. § 3582(c). Further, the court explained that "it is not generally within the court's authority to convert part of a defendant's already-imposed sentence to home confinement." (6/24/19 Order 3, Dkt. No. 412.) Regarding the request for a recommendation to be placed in a residential reentry center (RRC),

the court declined to "issue a recommendation for twelve months in [RRC] placement. Although the court commends Vasquez-Ahumada for her clear conduct record and rehabilitative efforts since incarcerated, she was sentenced less than six months ago. Six months of conduct is hardly a long amount of time on which to base such a recommendation." (*Id.* at 4.) The court also noted that it "considered her lack of criminal history and lack of violence when it sentenced her, so that does not appear to be a reason to make a recommendation for a different (and less onerous) placement." (*Id.*) The court denied Vasquez-Ahumada's motion without prejudice to her ability to seek similar relief in the future. (*Id.* at 4–5.)

In her motion, Vasquez-Ahumada requests a recommendation for RRC placement to assist in finding gainful employment. She states that she has been taking classes to better herself and prepare for her release, including a drug abuse education course, money matters, basic housekeeping and hospitality, and nutrition. (Dkt. No. 432-2.) Vasquez-Ahumada explains that she wishes to return to work, help her family, and repay her debt to society. These are worthy goals, and the court commends Vasquez-Ahumada for working to better herself in prison. As before, however, the court believes that the BOP is in the best position to determine the particulars of her placement. (6/24/19 Order 4–5.) Also, as before, the court "is *not* discouraging the BOP from placing defendant in an [RRC] for twelve months; the court simply declines to make such a recommendation for that placement at this time." (*Id.* at 4 (emphasis in original).)

For the foregoing reasons, Vasquez-Ahumada's motion (Dkt. No. 432) is DENIED without prejudice.

The clerk is directed to send copies of this order to the defendant and to counsel of record for the government.

Entered: April 8, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge