CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
5/13/2020
JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action No. 5:18-cr-00005 |
| LISA VAZQUEZ-AHUMADA, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Federal prisoner Lisa Vazquez-Ahumada was sentenced by the court on February 14, 2019, to a term of forty-four months imprisonment followed by a three-year term of supervised release. Before the court is Vazquez-Ahumada's pro se motion for compassionate release pursuant to the First Step Act of 2018, filed on April 6, 2020. (Dkt. No. 438.)[1]

Vazquez-Ahumada urges the court to grant her motion because of health issues with her kidneys and bladder. She alleges that she is not receiving proper medical care for her conditions. She attached an Inmate Request to Staff, dated November 25, 2019, to which she received a response on December 2, 2019, noting that her urinary tract infection cannot be cleared until her kidney stone was addressed. The government responded and attached her request for a reduction in sentence that was submitted to the Warden on January 6, 2020. (Gov't Br. Ex. A, Dkt. No. 443-1.) That request was denied two days later. Then, on March 30, 2020, Vazquez-Ahumada

---

[1] Prior to filing this motion, Vazquez-Ahumada asked the court for a recommendation to be assigned to a residential reentry center and/or home confinement because of her medical conditions. (Dkt. No. 432.) That request was denied. (Dkt. No. 439.) Also pending is Vazquez-Ahumada's motion to vacate her sentence under 28 U.S.C. § 2255. The court will only address the motion to reduce sentence in this opinion.

submitted an Inmate Request to Staff Form requesting consideration for home confinement following Attorney General Barr's March 26, 2020 memo regarding options for inmates particularly vulnerable to COVID-19.  (Gov't Br. Ex. C, Dkt. No. 443-3.)  The motion under consideration by the court, however, does not mention COVID-19 or request release due to the current pandemic.  Vazquez-Ahumada's motion was filed pro se.  Later, counsel entered an appearance for Vazquez-Ahumada and filed a reply brief in support of the motion, which relies heavily on the COVID-19 pandemic.  Counsel, however, did not amend the motion pending before the court to include COVID-19 as an additional basis for release.  Therefore, the court will not consider the effect of COVID-19 in addressing this motion.

While the court has concerns regarding the delay in treating Vazquez-Ahumada for her continued urinary tract infection and kidney stones (which delay appears to be ongoing), for the reasons stated below, Vazquez-Ahumada's current motion will be denied because her medical condition does not constitute "extraordinary and compelling circumstances" to justify early release from her prison term.

I.  BACKGROUND

**A.  Vazquez-Ahumada's Criminal Conduct**

Vazquez-Ahumada pleaded guilty to conspiring to distribute cocaine and conspiring to sell firearms to an illegal alien.  She was a drug courier for Blas Rodriguez-Avila, who participated in a much larger organization that transported and sold cocaine from California to Virginia, West Virginia, Maryland, and North Carolina.  (Presentence Report (PSR) 11, Dkt. No. 349.)  She also completed three straw purchases of firearms for Blas Rodriguez-Avila.  (*Id.* at 4.)  The court sentenced Vazquez-Ahumada to 44 months after the government recommended a

sentence below the advisory guideline range.  Her anticipated release date without good conduct time is October 25, 2021.

### B. Vazquez-Ahumada's Medical Condition at Sentencing

In the Pre-Sentence Investigation Report (PSR), Vazquez-Ahumada reported being in "excellent health despite chronic kidney stones and urinary tract infections." (PSR 15.) Vazquez-Ahumada relayed that she had six stones in her left kidney and five stones in her right kidney at the time of meeting with probation and indicated that she previously had kidney stones lasered once they caused issues. (*Id.*)  Review of Vazquez-Ahumada's medical records revealed that she had a chronic history of urinary tract infections (UTIs) and kidney stones, was resistant to many antibiotics, and had been hospitalized several times for her conditions. (*Id.*)

### C. Vazquez-Ahumada's Request for a Reduction in Sentence

Vazquez-Ahumada sent a request for compassionate release to Warden Reherman of FPC Alderson on January 6, 2020. (Gov't Br. Ex. A, Dkt. No. 443-1.)  Vazquez-Ahumada based her request on "lack of adequate and timely medical care and attention that has cause my medical problems to be [worsened]." (Dkt. No. 443-1 at 1.)  Vazquez-Ahumada states that she has had "kidney stones & UTI and have had it for 18 months straight now." (*Id.*)  She claims "deterioration of organs due to prolonging treatment and lack of medical attention" and that her "body is septic to the meds and nothing is working." (*Id.*)  Vazquez-Ahumada requested home confinement so she can seek private medical treatment. (*Id.* at 3.)

FPC Alderson acknowledged receipt of Vazquez-Ahumada's request and began a review of her medical records.  Two days later, Warden Reherman denied Vazquez-Ahumada's request, stating as follows:

> Your request discusses your chronic medical condition, specifically that you 'have kidney stones & UTI and have had it for 18 months

> straight now.' The category of Debilitated Medical Condition is considered when an inmate is either 'completely disabled, meaning that the inmate cannot carry on any self-care and is totally confined to a bed or chair; or capable of only limited self-care and is confined to a bed or chair more than 50% of waking hours.' A review of your medical history was conducted and shows that you do not meet this criteria. Furthermore, a review of your Pre-Sentence Investigation Report shows that your medical condition was known at the time of your sentencing.
>
> Due to these factors, your RIS [Reduction in Sentence] request does not meet criteria and is subsequently denied. You have the right to appeal this decision via the Administrative Remedy Procedure as outline in policy.

(Gov't Br. Ex. B, Dkt. No. 443-2.) In her motion, Vazquez-Ahumada claims that she appealed to the Warden on January 11, 2020, to the Regional Office on February 7, 2020, and to the General Counsel on March 25, 2020. Vazquez-Ahumada has yet to receive a response to her final level appeal to the General Counsel.

**D. Medical Treatment While Detained**

On November 25, 2019, Vazquez-Ahumada filed an administrative request to FPC Alderson noting that she had been suffering from the same UTI for almost sixteen months. (Dkt. No. 438-1.) A week later, Vazquez-Ahumada was advised by the Clinical Director that her "UTI cannot be cleared" until her kidney stone is addressed, per the urologist. "A consult has been placed to address the kidney stone." (*Id.*)

Three months later, on February 25, 2020, Vazquez-Ahumada was taken to the Charleston Area Medical Center (CAMC) for a urology consult. (Dkt. No. 443 at 10.) At that visit, CAMC ordered a noncontrasted CT scan to assess what clinical intervention would be needed to address her kidney stone. (*Id.*) CAMC noted that Vazquez-Ahumada would need a significant surgical procedure to address her kidney stone, explaining that she "most likely will need a possible [Percutaneous Nephrolithonomy] to get this large lower pole stone." (*Id.*) Once

Vazquez-Ahumada had the CT scan to assess what procedure she would need to address her kidney stone, Vazquez-Ahumada would need at least one follow-up appointment before the procedure could occur. Thus, CAMC explained that FPC Alderson medical "should have [Ms. Vazquez-Ahumada] come back . . . in 2-3 weeks to discuss results of the CT scan." (*Id.*) As of early May 2020, Vazquez-Ahumada is still awaiting this physician-ordered CT scan.[2]

## II. ANALYSIS

### A. Compassionate Release Under the First Step Act

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act and in pertinent part, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction….

In addition to satisfying the above, the reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). The Sentencing Commission's policy statement on compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy provides, in pertinent part, that under § 3582(c)(1)(A), the

---

[2] The court recognizes, generally, that many medical appointments and procedures have been delayed because of the coronavirus pandemic.

court may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a)," the court determines that:

> (1)(A) Extraordinary and compelling reasons warrant the reduction; and …
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.  In the application notes, the Policy recognizes extraordinary and compelling reasons with regard to medical conditions (terminal illnesses or serious conditions that diminish self-care abilities), age with deterioration and significant time served, family circumstances, and other extraordinary and compelling reasons other than, or in combination with, the above preceding reasons.  U.S.S.G. § 1B1.13 n.1.

A defendant seeking relief under § 3582(c)(1)(A) has "the burden of establishing that compassionate release is warranted."  *United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).  Compassionate release is "an extraordinary and rare event."  *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019).  Rehabilitation, standing alone, "shall not be considered an extraordinary and compelling reason" for a sentence modification.  28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 n.3.

**B.  Extraordinary and Compelling Reasons**

Vazquez-Ahumada contends that she is in urgent need of appropriate medical care, and she complains that she has not been receiving timely medical treatment.  Vazquez-Ahumada's treatment notes reflect visits with a treating provider, Dr. Joseph Dickenson, who prescribed medication and consulted with a urology specialist.  (Gov't Mem. Ex. E, Dkt. No. 443-5.)  Shortly before Vazquez-Ahumada submitted her request for release to Warden Reherman, Dr.

Dickerson noted that he received a phone call from a urology consultant who recommended "percutaneous nephrolithotomy for inmate's renal stone. States she will need urine sterilized prior to procedure. May require intravenous antibiotics to accomplish this. Will consider re-designation request for treatment of multi-resistant urinary tract infection with complicated nephrolithiasis." (*Id.* at 3.) It appears, however, that there has been no action taken after her visit to CAMC in February 2020 other than a prescription for antibiotics.

Vazquez-Ahumada's ongoing issues with kidney stones and a UTI are neither a terminal illness nor a serious medical condition that diminishes her ability to provide self-care. *See* U.S.S.G. § 1B1.13 n.1. Warden Reherman asked Dr. Dickerson to review Vazquez-Ahumada's medical records. Dr. Dickerson opined as follows:

> Inmate presented to the institution with a history of multi-drug resistant urinary tract infections which had required intravenous antibiotics in the past. Inmate has been treated for multiple urinary tract infections since arrival. Urology consultation has been obtained and noted that clearance of the urinary tract infections would necessitate removal of the stone in the inmate's kidney and has recommended percutaneous nephrolithotomy. This . . . procedure is common and can be accomplished while incarcerated. The inmate's medical condition is not an incurable, progressive illness nor a debilitating injury from which she will not recover and thus does not meet the criteria for a Debilitated Medical Condition.

(Gov't Mem. Ex. D, Dkt. No. 443-4.) Accordingly, the court finds that there are no extraordinary and compelling reasons to justify reducing Vazquez-Ahumada's sentence.

### III. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that Vazquez-Ahumada's motion for compassionate release (Dkt. No. 438) is DENIED.

The Clerk is directed to send a copy of this memorandum opinion and order to counsel and to Ms. Vasquez-Ahumada.

Entered: May 13, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

8