CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
6/15/2020
JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

UNITED STATES OF AMERICA )
) Criminal Action No. 5:18-cr-00005
v. )
)
LISA VASQUEZ-AHUMADA ) By: Elizabeth K. Dillon
) United States District Judge
Defendant. )

**MEMORANDUM OPINION**

In 2018, Lisa Vasquez-Ahumada pleaded guilty to conspiracy to distribute cocaine and conspiracy to transfer a firearm to a prohibited person. In 2019, she was sentenced to 44 months imprisonment. Now before the court are Vasquez-Ahumada's motion to vacate her sentence pursuant to 28 U.S.C. § 2255 and the government's motion to dismiss the § 2255 motion. For the reasons stated below, the government's motion to dismiss will be granted.

I. BACKGROUND

Vasquez-Ahumada was charged, as noted, with conspiracy to distribute cocaine and conspiracy to transfer a firearm to a prohibited person (in violation of 18 U.S.C. § 371), in addition to possession of a firearm by a prohibited person. Vasquez-Ahumada was indicted with one other person, Blas Rodriguez-Avila, on the conspiracy to transfer a firearm charge. *See* 18 U.S.C. §§ 922(d), (g). On July 26, 2018, Vasquez-Ahumada pleaded guilty to the first two counts. During the plea hearing, the government offered the following in its written proffer of facts:

> At all times relevant to the charges in this case [co-defendant] Blas Rodriguez-Avila was a Mexican national illegally present in the United States. Rodriguez-Avila illegally entered the United States in or about 2015 by paying a coyote to smuggle him across the Mexican border. Rodriguez-Avila remained in the United States, without legal presence and without any intention of pursuing legal

> presence, through 2018. Vasquez-Ahumada knew Rodriguez-Avila was a Mexican national and did not have legal presence in the United States.

(Dkt. No. 184.)

The court accepted the plea agreement, and on February 14, 2019, after finding grounds for downward departure, sentenced Vasquez-Ahumada to 44 months in prison on both counts, to run concurrently. (Dkt. No. 343.) Vasquez-Ahumada did not appeal her conviction to the Fourth Circuit. She filed this § 2255 motion on July 1, 2019.

## II.  ANALYSIS

### A.  Section 2255

Under § 2255, a movant may attack his sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. *Id.* § 2255(a). The movant bears the burden of proving grounds for collateral relief by a preponderance of the evidence. *See United States v. Cook*, Criminal No. 1:11-cr-188, 2019 WL 921448, at *1 (E.D. Va. Feb. 25, 2019) (citing *Vanater v. Boles*, 377 F.2d 898, 900 (4th Cir. 1967)). In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255(b). The record in this case conclusively establishes that Vazquez-Ahumada is not entitled to relief, so the court may address the motion without an evidentiary hearing.

**B. *Rehaif v. United States*, 139 S. Ct. 2191 (2019)**

Vazquez-Ahumada's sole argument is that she is entitled to relief pursuant to the Supreme Court's ruling in *Rehaif*. (§ 2255 Mot. 1, Dkt. No. 413.)[1] In *Rehaif*, the Court held that to be convicted of knowing possession of a firearm by a prohibited person, 18 U.S.C. §§ 922(g), 924(a)(2), the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194.

The government argues that this claim is procedurally defaulted. The doctrine of procedural default generally prevents a district court from reaching the merits of § 2255 claims that were not raised on direct appeal unless the movant can show cause and prejudice, or that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack," such as where a petitioner can demonstrate actual innocence. *Umar v. United States*, 161 F. Supp. 3d 366, 374 (E.D. Va. 2015) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 494 (4th Cir. 1999)). Even though *Rehaif* was not decided until after the time expired for Vazquez-Ahumada to file her direct appeal,[2] "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley v. United States*, 523 U.S. 614, 623 (1998). While lower court decisions prior to *Rehaif* held that the government did not need to prove the mens rea requirement to convict a defendant under § 922(g), the issue had been litigated in federal courts for many years prior to Vazquez-Ahumada's conviction. *See United States v. Scott*, Criminal Action No. 17-23, 2020 WL 1030927, at *13 (E.D. La. Mar. 3,

[1] *Rehaif* was decided on June 21, 2019, just a few weeks before Vazquez-Ahumada filed this § 2255 motion. The government does not argue that Vazquez-Ahumada's claim is barred by the appeal or collateral attack waiver contained in the plea agreement.

[2] It is worth noting that even if Vazquez-Ahumada had pursued a direct appeal, this claim would have been barred by the appeal waiver.

2020) (citing cases including *United States v. Butler*, 637 F.3d 519, 524 (5th Cir. 2011)). Thus, while cause can be established if a constitutional claim is "so novel that its legal basis is not reasonably available to counsel," *Bousley*, 523 U.S. at 622, Vazquez-Ahumada's *Rehaif* claim is not such a claim.

Nor can Vazquez-Ahumada establish actual innocence, which requires "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In other words, Vazquez-Ahumada must demonstrate that she "has been incarcerated for a crime [s]he did not commit." *United States v. Jones*, 758 F.3d 579, 584 (4th Cir. 2014). Here, Vazquez-Ahumada pleaded guilty to conspiracy to violate § 922(d) by facilitating co-defendant Blas Rodriguez-Avila's illegal possession of a firearm, as an alien without lawful presence in the United States, one of the prohibited statuses set forth in § 922(g). By pleading guilty, Vazquez-Ahumada acknowledged the facts alleged in the indictment that she made false representations to the owner of a gun store to obtain firearms and then transfer them to Rodriguez-Avila. Moreover, in its proffer of facts, accepted by Vazquez-Ahumada, the government asserted that Vazquez-Ahumada knew of Rodriguez-Avila's status: "Vazquez-Ahumada knew Rodriguez-Avila was a Mexican national and did not have legal presence in the United States." (Dkt. No. 184.) Thus, Vazquez-Ahumada cannot establish actual innocence; moreover, Vazquez-Ahumada's claim would fail on the merits because, as required by *Rehaif*, she had knowledge of Rodriguez-Avila's status as an alien without lawful presence.

**C. Certificate of Appealability**

When issuing a final order adverse to the § 2255 movant, the court must issue or deny a certificate of appealability. *See* Fed. R. Gov. § 2255 Proc. 11(a). A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional

right. 28 U.S.C. § 2253(c)(2). The movant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). In the context of a procedural ruling, the movant must demonstrate both that the dispositive procedural ruling is debatable and that the action states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012).

The court declines to issue a certificate of appealability because Vazquez-Ahumada has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not find the court's assessment of her claims, or the court's procedural ruling, to be debatable or wrong.

## III. CONCLUSION

For these reasons, the court will deny Vazquez-Ahumada's § 2255 motion, grant the government's motion to dismiss, and decline to issue a certificate of appealability. The court will issue an appropriate order.

Entered: June 15, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge