CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
7/22/2020
JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>   Plaintiff,     )<br>  )<br>v.       )<br>  )<br>  )<br>LISA VAZQUEZ-AHUMADA,  )<br>  )<br>   Defendant.    ) | Criminal Action No. 5:18-cr-00005<br><br>By: Elizabeth K. Dillon<br>    United States District Judge |

**MEMORANDUM OPINION AND ORDER**

On May 13, 2020, the court issued an order denying Lisa Vazquez-Ahumada's motion for compassionate release pursuant to the First Step Act of 2018. (5/13/20 Order, Dkt. No. 452.) Before the court are Vazquez-Ahumada's motion for reconsideration and amended motion for compassionate release. (Dkt. Nos. 454, 459.) For the reasons stated below, these motions will be denied.

I. BACKGROUND

The court adopts the background set forth in its May 13 Memorandum Opinion and Order and incorporates it here by reference. *See United States v. Vazquez-Ahumada*, Criminal Action No. 5:18-cr-00005, 2020 WL 2476160, at *1–2 (W.D. Va. May 13, 2020). For present purposes, the court notes that Vazquez-Ahumada was sentenced on February 14, 2019, and is serving a forty-four-month term of imprisonment. In her original pro se motion, Vazquez-Ahumada alleged that she was not receiving proper medical care for health issues with her kidneys and bladder. Subsequent briefing by counsel relied on the COVID-19 pandemic, but the court did not consider the effect of COVID-19 in addressing the motion because the original motion did

not cite COVID-19 and was not amended to state that COVID-19 was an additional justification for release. *Id.* at *1.  The court expressed its "concerns regarding the delay in treating Vazquez-Ahumada for her continued urinary tract infection and kidney stones (which delay appears to be ongoing)," but denied the motion because "her medical condition does not constitute 'extraordinary and compelling circumstances' to justify early release from her prison term." *Id.*

Vazquez-Ahumada moves for reconsideration in light of the combined impact of COVID-19 and her underlying health conditions.  (*See* Dkt. No. 454.)[1]  She argues that she is particularly susceptible to COVID-19 due to her underlying health conditions.  (*See* Def.'s Supp. Mem. 5–6, Dkt. No. 459.)  Moreover, Vazquez-Ahumada asserts that she is at particular risk of contracting COVID-19 at FPC Alderson.  (*Id.* at 6–9.)  FPC Alderson does not presently have any COVID-19 cases; however, Vazquez-Ahumada notes that FPC Alderson is within a community undergoing an active COVID-19 outbreak, citing a church in nearby Greenbrier County, West Virginia, which has been associated with 33 cases of COVID-19 in recent weeks. (*Id.* at 9.)  Greenbrier County is a community where numerous prison guards live and inmates receive medical treatment.  (*Id.*)  Further, Vazquez-Ahumada contends that her continued inability to receive treatment for her medical issues is an additional extraordinary and compelling reason to justify compassionate release.  (*Id.* at 10–11.)  Vazquez-Ahumada requests a sentence of time served with strict conditions of home confinement, which she argues is sufficient to accomplish the goals of sentencing.  (*Id.* at 11–13.)

---

[1] Vazquez-Ahumada filed her motion for reconsideration pro se, along with a motion for new counsel. The court denied the motion for new counsel and directed the Federal Public Defender, who had previously been appointed to represent Vazquez-Ahumada in her compassionate release motion, to file a supplement to the motion or an indication that counsel does not intend to supplement the motion.  Vazquez-Ahumada's counsel filed a supplement to her pro se motion for reconsideration on June 22, 2020.  (Dkt. No. 459.)

2

II.  ANALYSIS

**A.  Compassionate Release Under the First Step Act**

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act and in pertinent part, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction….

In addition to satisfying the above, the reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1).  The Sentencing Commission's policy statement on compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13.  The Policy provides, in pertinent part, that under § 3582(c)(1)(A), the court may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a)," the court determines that:

> (1)(A) Extraordinary and compelling reasons warrant the reduction; and …
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.  In the application notes, the Policy recognizes extraordinary and compelling reasons with regard to medical conditions (terminal illnesses or serious conditions that diminish self-care abilities), age with deterioration and significant time served, family circumstances, and other extraordinary and compelling reasons other than, or in combination with, the above reasons.  U.S.S.G. § 1B1.13 n.1.

A defendant seeking relief under § 3582(c)(1)(A) has "the burden of establishing that compassionate release is warranted."  *United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).  Compassionate release is "an extraordinary and rare event."  *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019).  Rehabilitation, standing alone, "shall not be considered an extraordinary and compelling reason" for a sentence modification.  28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 n.3.

**B. Exhaustion**

As noted above, while the First Step Act changed § 3582(c)(1)(A) to allow a prisoner to bring a motion on his or her own behalf, the statute still includes an exhaustion requirement.  More than thirty days have passed since Vazquez-Ahumada submitted an administrative request to FPC Alderson related to her vulnerability to COVID-19.  (Dkt. No. 443-3.)  Therefore, the court finds that Vazquez-Ahumada has exhausted her administrative remedies.  *See, e.g.*, *United States v. Allen*, Criminal No. RDB-14-0411, 2020 WL 3868999, at *2 (D. Md. July 9, 2020) (finding exhaustion requirement satisfied where thirty days have expired since submission of administrative request).

**C. Extraordinary and Compelling Reasons**

While the court continues to be concerned about the ongoing delay in treatment for Vazquez-Ahumada's medical conditions, the court maintains its position that Vazquez-Ahumada

is not entitled to compassionate release, even considering the COVID-19 pandemic. "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Harper*, Criminal Action No. 7:18-cr-00025, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020). There is no particularized risk of contracting the disease at FPC Alderson, which has not had any positive cases of COVID-19. The court appreciates the concern about there being an outbreak in the future given the positive cases in the local community, but the federal Bureau of Prisons is taking active steps to keep the virus out of its prison facilities. *See* BOP Implementing Modified Operations, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited 7/13/20). Therefore, it cannot be said that there will ever be an outbreak and a corresponding particularized risk that Vazquez-Ahumada will contract the disease at FPC Alderson. As a result, the court finds that extraordinary and compelling reasons do not justify compassionate release for Vazquez-Ahumada.

### III.  CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that Vazquez-Ahumada's motion for reconsideration (Dkt. No. 454) and amended motion for compassionate release (Dkt. No. 459) are DENIED.

The Clerk is directed to send a copy of this memorandum opinion and order to counsel

and to Ms. Vasquez-Ahumada.

    Entered: July 22, 2020.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge